It is also urged that there was not sufficient proof before the justice of essential facts to authorize him to grant the warrant. The affidavit upon which that warrant was granted was made by the plaintiff, and, as to the existence of the cause of action, the averments are upon information and belief. The affiant states as follows:

"The sources of affiant's information and belief are a copy of the account, and the assignment and affidavit of Henry H. Bowman, hereto attached and made a part hereof."

The paper referred to is an assignment of the claim, but in it there is also matter deposed to, intended to be in the nature of a deposition, the whole being authenticated by a notary public of Hampden county in the commonwealth of Massachusetts. The deposition is not signed by the deponent, but that is immaterial, because the document could not be used at all in the courts of this state as an affidavit. Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. Notwithstanding its insufficiency as an affidavit, it was properly before the court as the source from which the plaintiff derived his information and belief. It is not necessary to the validity of an attachment that the individual upon whose affidavit the application for the warrant is made shall personally know all the facts required to be stated. He may state them on information and belief, but that information and belief must be competently derived. Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882. The contents of the instrument which the plaintiff annexed to his affidavit satisfied the court that his statements concerning the facts which constituted the cause of action were based upon information he had a right to consider well founded, and which was sufficient to enable the court to pass upon the probable truth of such statements and the authenticity of the facts.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.

---

(39 App. Div. 545.)

### HODGES v. WESTCOTT EXP. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. NEGLIGENCE—INJURY TO PEDESTRIAN.
      Plaintiff, a 9 year old boy, on his way to a shop, stopped in the middle of a street to pick up a coin which he had dropped, and was run over by defendant's horse. At the time, the driver was conversing with a companion, and the horse was permitted to go practically uncontrolled. Plaintiff testified he did not see it, as he was stooping down to find the coin. When the plaintiff stooped, there was nothing between him and the horse, which was about 20 feet away, to obstruct the view of the driver, who said that he was driving at a rate not to exceed 4 miles an hour. There was evidence that the horse could have been stopped within 6 or 8 feet at that rate of speed. *Held*, that defendant's negligence was a question for the jury.

2. SAME.
      The question of contributory negligence was also for the jury.
      Van Brunt, P. J., and Barrett, J., dissenting.

Appeal from trial term, New York county.

Action by John Hodges, an infant, by guardian ad litem, against the Westcott Express Company. Plaintiff was nonsuited, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Herman Gottlieb, for appellant.

George W. Schurman, for respondent.

McLAUGHLIN, J. On the 26th of October, 1897, the plaintiff, then 9 years of age, attempted to cross First avenue near Sixty-Fifth street, in the city of New York, and in doing so he was seriously injured by a horse driven by one of defendant's servants, and he instituted this action to recover damages for his injuries upon the ground that the same were caused by the negligence of the defendant. Upon the trial the plaintiff was nonsuited, and judgment entered to that effect, from which he has appealed. In determining whether the nonsuit was properly granted, the rule is well settled that the plaintiff is entitled to have the evidence considered in the light most favorable to him, and is also entitled to the benefit of all inferences in his favor that can fairly and properly be drawn from it. When the evidence is thus considered, I am of the opinion that a question of fact was presented which should have been submitted to the jury. It appeared that on the day in question between 4 and 5 o'clock in the afternoon, the plaintiff was sent by his aunt to a butcher shop to purchase some meat, and in going to the shop it was necessary for him to cross First avenue. He attempted to do so, and when near the middle of the street he dropped a piece of money which had been given to him to pay for the meat, and in attempting to pick it up he slipped, and before he could regain his feet he was struck, stepped upon, or kicked by the horse, and seriously injured. An obligation rested upon the defendant to have its horse driven with care, and in such a manner as to prevent unnecessary injury to persons lawfully traveling in or attempting to cross the street. Does the evidence show that the horse in question was driven in such a way, or so managed, as to fulfill this obligation? I think not. The evidence of the plaintiff tended to show that at the time he slipped the horse was 20 or 25 feet from him, and that the driver, instead of looking in the direction in which the horse was going, was conversing with a companion, and the two had their attention fixed upon a political banner that was being strung across the street, and that the horse was permitted to go practically uncontrolled until after the plaintiff was injured. The plaintiff testified: "I didn't see the horse coming right up against me, because I was stooping down, so that I could not see it. As I was picking up the penny, I was looking down for it in order to see where to find it, so I was not looking at the horse and wagon that was coming towards me at all then; and all of a sudden I was struck when I was in that position, with my hands and head down." The witness Golden testified: "When the boy was four or five feet from the car track, this wagon came along and knocked him down. He was

in that position, like that [indicating], picking up something, and the wagon came along, and the horse hit him with his forefoot, and also with his hindfoot." This witness also testified that when the boy stooped to pick up the piece of money the horse was about 20 feet from him, and that the driver and his companion were at that time gazing at the banner, and talking together; that when the boy was stooping down there was nothing between him and the horse to obstruct the view of the driver, had he been looking in the direction in which the horse was going. These facts were corroborated by the testimony of two other witnesses. The driver of the wagon was produced by the plaintiff, and testified that he was at the time driving at the rate of not over four miles an hour, and he gave a description of the horse and wagon; while another witness testified that a horse and wagon of that description, driven at the rate of speed stated, could be stopped within six or eight feet. It is thus shown that the evidence would have authorized a finding by the jury that the driver of the wagon was not, at the time of the accident, nor for a short time immediately prior thereto, attending to his duty, and that, had his attention been upon his horse, he would have seen the plaintiff while in the act of picking up his money, and could have avoided the injury complained of.

The further question remains whether the plaintiff himself was guilty of negligence which contributed to his injury; and this was also a question for the jury. The plaintiff had as much right in the street as the defendant's horse and driver had. He had a right to stop and pick up money which he had dropped; and whether he was guilty of negligence in doing so with the defendant's horse approaching at the rate of speed stated and in the location in which it then was, was for the jury to determine.

For these reasons we think the complaint was improperly dismissed, and that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except VAN BRUNT, P. J., and BARRETT, J., dissenting.